1  William L. Schmidt. Esq. (Bar No. 206870)
   bschmidt@ncinternet.net
2  215 W. Fallbrook Ave., Suite 103
   Fresno, California 93711
3  Telephone:   (559) 261-2222
   Facsimile:   (559) 436-8163
4
   LAW OFFICES OF DALE K. GALIPO
5  Dale K. Galipo, Esq. (Bar No. 144074)
   dalekgalipo@yahoo.com
6  21800 Burbank Boulevard, Suite 310
   Woodland Hills, California  91367
7  Telephone:   (818) 347-3333
   Facsimile:   (818) 347-4118
8

9
   Attorneys for Plaintiff
10

11                 UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13
   ROBERT CONTRERAS                    Case No.  CV11  01480 SS
14
              Plaintiff,               **COMPLAINT FOR DAMAGES**
15
         vs.                           1. Unreasonable Search and Seizure
16                                        and Due Process—Excessive Force
   CITY OF LOS ANGELES; JULIO             and Denial of Medical Care (42
17 BENAVIDES; MARIO FLORES; and           U.S.C. § 1983)
   DOES 1-10, inclusive,
18                                     2. Municipal Liability for
              Defendants.                 Unconstitutional Custom, Practice,
19                                        or Policy (42 U.S.C. § 1983)

20                                     **DEMAND FOR JURY TRIAL**

21

22

23              **COMPLAINT FOR DAMAGES**
24
      Plaintiff ROBERT CONTRERAS, for his complaint against Defendants
25
   CITY OF LOS ANGELES, and Does 1-10, inclusive, allege as follows:
26

27

28

                              -1-

## INTRODUCTION

1.  This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the police shooting of Plaintiff.

## PARTIES

2.  At all relevant times, Robert Contreras ("PLAINTIFF") was an individual residing in County of Los Angeles, California.

3.  At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants JULIO BENAVIDES, MARIO FLORES and DOES 1-4, who were CITY Police Officers, DOES 5-6, who were CITY supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the CITY Police Department.  On information and belief, at all relevant times, DOES 1-10 were residents of County of Los Angeles, California.  DOES 1-10 are sued in their individual capacity.

4.  At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

5.  At all relevant times, Defendants DOES 1-10 were duly appointed deputies and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

6.  In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

-2-

1      7.    At all times mentioned herein, each and every CITY defendant was the

2  agent of each and every other CITY defendant and had the legal duty to oversee and

3  supervise the hiring, conduct and employment of each and every CITY defendant.

4      8.    The true names of defendants DOES 1 through 10, inclusive, are

5  unknown to Plaintiff, who therefore sue these defendants by such fictitious names.

6  Plaintiff will seek leave to amend this complaint to show the true names and

7  capacities of these defendants when they have been ascertained.  Each of the

8  fictitious named defendants is responsible in some manner for the conduct and

9  liabilities alleged herein.

10     9.    On March 10, 2009, PLAINTIFF's criminal proceedings stemming

11  from the officer involved shooting ended, thereby, tolling the statute of limitations

12  for civil rights claims brought under 42 U.S.C. § 1983, until March 10, 2011.

13

14                     **JURISDICTION AND VENUE**

15     10.    This civil action is brought for the redress of alleged deprivations of

16  constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the

17  Fourth Amendments of the United States Constitution.  Jurisdiction is founded on

18  28 U.S.C. §§ 1331, 1343, and 1367.

19     11.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because

20  Defendants reside in, and all incidents, events, and occurrences giving rise to this

21  action occurred in, the County of Los Angeles, California.

22

23             **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

24     12.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

25  through 11 of this Complaint with the same force and effect as if fully set forth

26  herein.

27     13.    On or about September 3, 2005, near the intersection of Broadway and

28  Main Street in the City of Los Angeles Defendants JULIO BENAVIDES and

MARIO FLORE discharged their firearms at PLAINTIFF, striking him several times, causing PLAINTIFF serious physical injury including permanent paralysis.

14.    At the time of the shooting, PLAINTIFF was unarmed and posed no imminent threat of death or serious physical injury to either officer or any other person.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure and Due Process—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

(Against Defendants JULIO BENAVIDES and MARIO FLORE)

15.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16.    Defendants JULIO BENAVIDES and MARIO FLORE unjustified shooting deprived PLAINTIFF of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

17.    The unreasonable use of force by Defendants JULIO BENAVIDES and MARIO FLORE deprived the PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

18.    As a result, PLAINTIFF suffered extreme pain and suffering and eventually suffered permanent paralysis and loss of earning capacity.

19.    As a result of the conduct of Defendants JULIO BENAVIDES and MARIO FLORES, they are liable for PLAINTIFF's injuries, either because they

-4-

1   were integral participants in the excessive force, or because they failed to intervene

2   to prevent these violations.

3       20.    Defendants JULIO BENAVIDES and MARIO FLORES knew that

4   failure to provide timely medical treatment to PLAINTIFF could result in further

5   significant injury or the unnecessary and wanton infliction of pain, but disregarded

6   that serious medical need, causing him great bodily harm.

7       21.    This use of force was excessive and unreasonable under the

8   circumstances.  Defendants' actions thus deprived PLAINTIFF of his right to be

9   free from unreasonable searches and seizures under the Fourth Amendment and

10  applied to state actors by the Fourteenth Amendment.

11      22.    The conduct of Defendants JULIO BENAVIDES and MARIO

12  FLORES was willful, wanton, malicious, oppressive and done with reckless

13  disregard for the rights and safety of PLAINTIFF and therefore warrants the

14  imposition of exemplary and punitive damages as to Defendants JULIO

15  BENAVIDES and MARIO FLORES.

16

17  ## SECOND CLAIM FOR RELIEF

18  **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

19  (Against Defendants DOES 7-10 and CITY)

20      23.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

21  through 22 of this Complaint with the same force and effect as if fully set forth

22  herein.

23      24.    On and for some time prior to September 3, 2005 (and continuing to the

24  present date) Defendants DOES 7-10, deprived PLAINTIFF of the rights and

25  liberties secured to him by the Fourth and Fourteenth Amendments to the United

26  States Constitution, in that said defendants and their supervising and managerial

27  employees, agents, and representatives, acting with gross negligence and with

28  reckless and deliberate indifference to the rights and liberties of the public in

-5-

1   general, and of PLAINTIFF, and of persons in their class, situation and comparable

2   position in particular, knowingly maintained, enforced and applied an official

3   recognized custom, policy, and practice of:

4         (a)   Employing and retaining as police officers and other personnel,

5            including Defendants JULIO BENAVIDES and MARIO

6            FLORES, who Defendants DOES 7-10, at all times material

7            herein knew or reasonably should have known had dangerous

8            propensities for abusing their authority and for mistreating

9            citizens by failing to follow written CITY Police Department's

10           policies, including the use of excessive force;

11        (b)   Of inadequately supervising, training, controlling, assigning, and

12           disciplining CITY Police Officers, and other personnel,

13           including Defendants JULIO BENAVIDES and MARIO

14           FLORES, who Defendants CITY knew or in the exercise of

15           reasonable care should have known had the aforementioned

16           propensities and character traits, including the propensity for

17           violence and the use of excessive force;

18        (c)   By maintaining grossly inadequate procedures for reporting,

19           supervising, investigating, reviewing, disciplining and

20           controlling the intentional misconduct by Defendants JULIO

21           BENAVIDES and MARIO FLORES, who are Police Officers of

22           CITY;

23        (d)   By failing to discipline CITY Police Officers' conduct, including

24           but not limited to, unlawful detention and excessive force;

25        (e)   By ratifying the intentional misconduct of Defendants JULIO

26           BENAVIDES and MARIO FLORES, who are Police Officers of

27           CITY;

28

COMPLAINT FOR DAMAGES

(f)    By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DOES 7-10, were done with a deliberate indifference to individuals' safety and rights; and

(g)    By failing to properly investigate claims of unlawful detention and excessive force by CITY Police Officers.

25.    By reason of the aforementioned policies and practices of Defendants DOES 7-10, PLAINTIFF was severely injured and subjected to pain and suffering.

26.    Defendants DOES 3-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

27.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 7-10, acted with an intentional, reckless, and callous disregard for the life of PLAINTIFF and his constitutional rights.  Defendants DOES 7-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

28.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 7-10, were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTFF.

-7-

COMPLAINT FOR DAMAGES

29.     By reason of the aforementioned acts and omissions of Defendants DOES 7-10, PLAINTIFF was caused to incur legal and medical expenses, and loss of earnings.

30.     Accordingly, Defendants DOES 7-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request entry of judgment in her favor and against Defendants City of Los Angeles, Julio Benavides, Mario Flores and Does 1-10, inclusive, as follows:

A.     For general damages in the amount to be proven at trial;

B.     For special damages according to proof; including medical expenses and loss of earnings;

C.     For punitive damages against the individual defendants in an amount to be proven at trial;

D.     For interest;

E.     For reasonable costs of this suit and attorneys' fees; and

F.     For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  Februar 16. 2011

LAW OFFICES OF DALE K. GALIPO

By_____

Dale K. Galipo
Attorney for Plaintiff

-8-

COMPLAINT FOR DAMAGES

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:  February 16, 2011          LAW OFFICES OF DALE K. GALIPO

By _____
Dale K. Galipo
Attorney for Plaintiff

-9-

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CONTRERAS | **CV11  01480  SS** |
| *Plaintiff* | |
| v. | Civil Action No. |
| CITY OF LOS ANGELES, JULIO BENA VIDES, MARIO FLORES, and DOES 1-10, inclusive | |
| *Defendants* | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> CITY OF LOS ANGELES, JULIO BENA VIDAS, MARIO FLORES, and DOES 1-10 inclusive
> City Hall
> Los Angeles City Clerk
> 200 North Spring St.
> Los Angeles, CA 90012
> (213) 485-2121

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> **LAW OFFICES OF DALE K. GALIPO**
> **Dale K. Galipo, Esq. (CA SBN: 144074)**
> **21800 Burbank Boulevard, Suite 310**
> **Woodland Hills, CA 91367**
> **Telephone: (818) 347-3333 / Facsimile: (818) 347-4118**
> **Email:  dalekgalipo@yahoo.com / dgalipo@galipolaw.com**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

CHRISTOPHER POWERS

Date: February 17, 2011

*Signature of Clerk or Deputy Clerk*

1181

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS (Check box if you are representing yourself ☐)**
ROBERT CONTRERAS

**DEFENDANTS**
CITY OF LOS ANGELES; JUILIO BENA VIDAS; MARIO FLORES; and DOES 1-10, inclusive,

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)**
Dale K. Galipo, Esq. (CA SBN: 144074)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone (818) 347-3333
Facsimile (818) 347-4118
E-mail: dalekgalipo@yahoo.com

**Attorneys (If Known)**

COPY

---

**II. BASIS OF JURISDICTION (Place an X in one box only.)**

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN (Place an X in one box only.)**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)**
Unreasonable Search and Seizure an Due Process-Excessive Force and Denial of Medical Care (42 U.S.C § 1983); Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C § 1983)

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

**CV11   01480**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                   CIVIL COVER SHEET                                   Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**II(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes

If yes, list case number(s): _____

**II(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. VENUE:** (When completing the following information, use an additional sheet if necessary.)

List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF LOS ANGELES | |

List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF LOS ANGELES | |

List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF LOS ANGELES | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

SIGNATURE OF ATTORNEY (OR PRO PER):  Date  02 - 16 - 11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |