1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, California  91367
   Telephone:   (818) 347-3333
4  Facsimile:    (818) 347-4118

5  William L. Schmidt. Esq. (Bar No. 206870)
   bschmidt@ncinternet.net
6  377 W. Fallbrook, Suite 207
   Fresno, California 93711
7  Telephone:  (559) 261-2222
   Facsimile:    (559) 436-8163

8

9  Attorneys for Plaintiff

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14  ROBERT CONTRERAS                  | Case No. CV11-01480 SVW (SH)

15        Plaintiff,                  | *Honorable Stephen V. Wilson*

16     vs.                            | **PLAINTIFF'S  OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

17  CITY OF LOS ANGELES; JULIO
    BENAVIDES; MARIO FLORES; and
18  DOES 1-10, inclusive,

19        Defendants.

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page No.:

I.    Preliminary Statement ........................................................... 1

II.   Factual and Procedural Background ................................... 2

III.  Argument ................................................................................ 3

    A.    Defendants' Motion is Untimely ........................................ 3

    B.    The Affirmative Defense of Statute of Limitations Has Been Waived ................................................................................. 4

    C.    Plaintiff's Claims Are Not Barred By the Statute Of Limitations .......... 6

        1.    Applicable Statute of Limitations ................................. 7

        2.    Tolling Under California Government Code § 945.3 .......... 7

IV.   Conclusion ............................................................................. 10

Case No. SACV 09-01153 CJC (ANx)

# TABLE OF AUTHORITIES

### State Cases

*Long Beach Unified Sch. Dist. v. State of California*,
  225 Cal. App. 3d 155 (1990)....................................................................7

*McAlpine v. Superior Court*,
  209 Cal. App. 3d 1 (1989).......................................................................7

### Federal Cases

*In re Blossom*,
  2010 WL 3835650 (Bkrtcy. E.D. Wis. 2010)........................................6

*Cabrera v. City of Huntington Park*,
  159 F.3d 374 (1998)................................................................................9

*Datskow v. Teledyne, Inc., Continental Products Division*,
  899 F.2d 1298 (2d Cir.1990)...................................................................5

*Elliot v. City of Union City*,
  25 F.3d 800 (9th Cir. 1994).....................................................................7

*In re Fotouhi*,
  2008 WL 8444811...................................................................................3

*Hardin v. Straub*,
  490 U.S. 536 (1989)................................................................................7

*Hill v. City of Los Angeles*,
  2009 WL 2601250....................................................................................9

*Harding v. Glaceran*,
  889 F.2d 906 (1989)................................................................................7

*Kontrick v. Ryan*,
  540 U.S. 443 (2004)............................................................................3, 5

*Maldonado v. Harris*,
  370 F.3d 945 (9th Cir. 2004)..................................................................7

*Patterson v. Hughes Aircraft Co.,*
        11 F.3d 948 (9th Cir. 1993).................................................................6

*Payan v. Aramark Management Services Ltd. Partnership,*
        495 F.3d 1119 (9th Cir. 2007)..........................................................4

*Peterson v. Highland Music, Inc.*
        140 F.3d 1313 (9th Cir. 1998)..........................................................5

*Torres v. City of Santa Ana,*
        108 F.3d 224 (9th Cir. 1997)............................................................7

*Trimble v. City of Santa Rosa,*
        49 F.3d 583 (9th Cir.1995)...............................................................7

*United States v. Joyce,*
        511 F.2d 1127 (9th Cir.1975)...........................................................6

*United States v. LeMaux,*
        994 F.2d 684, 689 (9th Cir.1993)......................................................4

*Wallace v. Kato,*
        549 U.S. 384 (2007) ........................................................................7

*Wood v. Milyard,*
        132 S.Ct. 1826 (2012) .....................................................................4

### State Statutes

Cal. Govt. Code § 945.3 ...................................................2, 7, 8, 9, 10

Cal. Code. Civ. P. § 352.1 ..............................................................8

### Federal Statutes

Fed. R. Civ. P. 12...........................................................................3, 4

Fed. R. Civ. P. 56...........................................................................4

# MEMORANDUM IN OPPOSITION

## I.    PRELIMINARY STATEMENT

On February 2, 2012, a jury unanimously concluded that Defendant Officers Julio Benavides and Mario Flores of the Los Angeles Police Department used excessive and unreasonable force against Plaintiff Robert Contreras when they shot him in the back.  A second phase of trial to determine damages was set to begin the next day.  Before the second phase commenced, the parties reached an agreement to settle the case for $4.5 million, conditioned on the approval of the Los Angeles City Council.  As part of the agreement, it was stipulated that if the settlement was not approved, the Court would set a trial on damages before a new jury.  This agreement was read onto the record before this Court on February 3, 2012.  The City Council ultimately decided not to approve the settlement that was read onto the record, and Plaintiff will move to have a trial date set for the damages phase.

After fully litigating this case on the merits, losing on liability, and reading a proposed $4.5 million settlement into the record, Defendants now suggest that the Court should dismiss Plaintiff's entire action based on the statute of limitations.  Defendants' Motion is clearly untimely.  The Federal Rules of Civil Procedure do not permit a defendant to move for judgment on the pleadings after fully litigating a case and receiving an unfavorable jury verdict.  By their conduct in this litigation and express representations in the pretrial documents submitted to the Court, Defendants have waived whatever right they may have had to assert this affirmative defense.  Moreover, Defendants' claim that Plaintiff's action is time-barred is substantively without merit.  Because the statute of limitations for Plaintiff's action was tolled during the pendency of the criminal charges against him, Plaintiff's Complaint was timely filed and is not barred by the applicable statute of limitations.  Therefore, Defendants' Motion to Dismiss should be denied.

/ / /

## II.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The events which give rise to this litigation occurred on September 3, 2005. Defendant Officers Julio Benavides and Mario Flores were on patrol when they heard the sound of gunfire. Benavides and Flores immediately drove their police vehicle toward the sound of the shots. As the officers approached, a citizen pointed to a van in an excited manner and indicated that the van was involved with the shooting. The officers pursued the van in their patrol vehicle. The van eventually stopped and multiple individuals exited, including Plaintiff. Benavides and Flores pursued Plaintiff on foot to take him into custody, cornered him in an alley, and ultimately fired multiple shots at him, striking him in the back and leaving him paralyzed. Plaintiff was not armed and no gun was ever recovered from the scene, despite a thorough search by LAPD investigators.

On September 8, 2005, criminal charges were filed against Plaintiff in connection with the events of September 3, 2005. Plaintiff was charged with attempted murder in connection with the drive-by shooting which immediately preceded the pursuit and shooting of Plaintiff. Plaintiff was also charged with assaulting Officers Benavides and Flores with a gun. On May 17, 2006, following the preliminary hearing, the superior court dismissed the latter charges against Plaintiff due to lack of evidence. The attempted murder charges against Plaintiff associated with with the initial drive-by shooting remained pending until Plaintiff was sentenced on March 10, 2009 after taking a *nolo contondre* plea.

Plaintiff filed his complaint in this action on February 17, 2011. On February 2, 2012, a jury unanimously concluded that Defendant Officers Benavides and Flores used excessive and unreasonable force against Plaintiff when they shot him. A tentative settlement was read onto the record before a second phase on damages could begin. After the City Council rejected the proposed settlement of $4.5 million, Defendants filed this motion to dismiss Plaintiff's Complaint, claiming that his claims were barred by the statute of limitations.

1   III.    **ARGUMENT**

2          **A.    Defendants' Motion is Untimely**

3          Defendants' Motion to Dismiss is untimely and procedurally improper.  A

4   motion for judgment on the pleadings cannot be brought after trial.  The plain

5   language of FED. R. CIV. P. 12(c) contains the following time limitation:  "After the

6   pleadings are closed—but early enough not to delay a trial—a party may move for

7   judgment on the pleadings."  This time limitation is further clarified by FED. R. CIV.

8   P. 12(i), which provides that "a motion under Rule 12(c) must be heard and decided

9   *before trial*" (emphasis added).  Defendants failed to move judgment on the

10  pleadings before trial and cannot do so now.

11         Defendants' reliance on FED. R. CIV. P. 12(h)(2) is misplaced.  The Supreme

12  Court has held that while Rule 12(h)(2) prolongs the life of certain defenses, time

13  prescriptions are not among them.  *Kontrick v. Ryan*, 540 U.S. 443, 458 (2004).

14  Even if Rule 12(h) were applicable to Defendants' statute of limitations defense, the

15  issue could still not be raised *after* the matter has been submitted to and decided by

16  the jury.  *Id* . ("No reasonable construction of complaint-processing rules, in sum,

17  would allow a litigant situated as Kontrick is to defeat a claim, as filed too late, after

18  the party has litigated and lost the case on the merits."); *see also In re Kontrick,* 295

19  F.3d 724, 735 (7th Cir.2002) ("The policy concerns of expeditious administration of

20  bankruptcy matters and the finality of the bankruptcy court's decision hardly are

21  fostered by requiring the bankruptcy court to consider the timeliness of an issue that

22  it already has adjudicated."); *In re Fotouhi*, 2008 WL 8444811 (9th Cir. BAP 2008)

23  (*unpublished*) (concluding that lower court did not err in determining that a motion

24  for judgment on the pleadings, filed weeks after a four-day trial, was untimely and

25  therefore not available as a method to raise a timeliness defense).

26         In any event, Defendants' Motion is not a true motion for judgment on the

27  pleadings at all, as it asks the court to consider material outside of the pleadings.

28

1   Under Rule 12(d), if the Court considers the evidence presented by Defendants, the

2   Court must treat the motion as a motion for summary judgment under Rule 56.  *See*

3   FED. R. CIV. P. 12(d).  Considered as a summary judgment motion, Defendants'

4   Motion is clearly untimely.  A summary judgment motion must be filed no later than

5   30 days after the close of discovery.  FED. R. CIV. P. 56.  Here, Defendants did not

6   file their motion until over three months after the jury returned a verdict on liability.

7        In short, no reasonable reading of Rule 12 would allow Defendants to move

8   to dismiss Plaintiff's Complaint after fully litigating the merits of the liability claim

9   and losing.  Defendants' Motion is untimely and should be denied.

10       **B.      The Affirmative Defense of Statute of Limitations Has Been**

11       **Waived**

12       Even if statute of limitations provided a valid affirmative defense to this

13   claim—which it does not—Defendants have waived their right to assert the defense.

14   Statute of limitations is a nonjurisdictional affirmative defense which is waived

15   unless it is raised at trial.  *See United States v. LeMaux,* 994 F.2d 684, 689 (9th

16   Cir.1993); *U.S. v. Akmakjian*, 647 F.2d 12, 14 (9th Cir. 1981); *Payan v. Aramark*

17   *Management Services Ltd. Partnership*, 495 F.3d 1119 (9th Cir. 2007); *Alameda*

18   *Books, Inc. v. City of Los Angeles*, 631 F.3d 1031 (9th Cir. 2011) ("A statute of

19   limitations is subject to waiver, including by a government defendant in a § 1983

20   case.").

21       A waiver occurs when there is "an existing right; actual or constructive

22   knowledge of its existence; and either an actual intention to relinquish it, or conduct

23   so inconsistent with an intent to enforce the right as to induce a reasonable belief

24   that it has been waived."  *Long Beach Unified Sch. Dist. v. State of California*, 225

25   Cal. App. 3d 155, 170-1 (1990); *see also Wood v. Milyard*, 132 S.Ct. 1826 (2012)

26   ("Waiver is the 'intentional relinquishment or abandonment of a known right.'")

27   *quoting Kontrick*, 540 U.S. at 458, n. 13.

28

1    Defendants argue that they preserved their statute of limitations defense by

2   listing it in their Answer.  However, an affirmative defense listed in a responsive

3   pleading can still be subject to waiver, including implied waiver based on a party's

4   conduct during litigation.  *Peterson v. Highland Music, Inc.* 140 F.3d 1313, 1318

5   (9th Cir. 1998); *Yeldell v. Tutt,* 913 F.2d 533, 539 (8th Cir.1990); *Datskow v.*

6   *Teledyne, Inc., Continental Products Division,* 899 F.2d 1298 (2d Cir.1990).  Once a

7   party has waived the defense of statute of limitations, a court is not at liberty to

8   bypass, override or excuse that waiver.  *Wood*, 132 S.Ct at 1832.

9    Here, although Defendants listed the defense in their answer, they waived the

10   defense by their subsequent conduct in the litigation.  Prior to trial, Defendants

11   never filed a motion to dismiss or a motion for summary adjudication based on the

12   statute of limitations defense.  Defendants' pretrial documents indicated that

13   Defendants did not intend to pursue the defense.  Defendants' Memorandum of

14   Contentions of Fact and Law mentioned that nine affirmative defenses, including

15   statute of limitations, had been raised in Defendants' Answer, but clarified that

16   Defendants intended to raise only three of those defenses at trial:  "1. Self defense/

17   Reasonable and necessary for the defense of others. (2nd and 3rd defenses)  2.

18   Qualified Immunity (7th Defense) 3. No Punitive damages against entity or its

19   official (8th defense)."  *See* Defs.' MCFL (ECF No. 54) at 6.

20    The Proposed Pretrial Conference Order, which was signed by counsel for

21   both parties, does not mention statute of limitations at all.  In the Proposed Pretrial

22   Conference Order, Defendants indicated that they intended to pursue only the three

23   affirmative defenses discussed in their Memorandum of Contentions:  self defense,

24   qualified immunity and immunity from punitive damages.  It was the parties'

25   express intent that the proposed pretrial conference order would supersede the

26   pleadings.  *See* Proposed PTCO (ECF No. 82) at 9 ("The foregoing admissions

27   having been made by the parties, and the parties having specified the foregoing

28

issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this case, unless modified to prevent manifest injustice."). Defendants are bound by their agreement to limit the affirmative defenses presented at trial. *See Patterson v. Hughes Aircraft Co.,* 11 F.3d 948 (9th Cir. 1993) ("A pretrial order generally supersedes the pleadings, and the parties are bound by its contents."); *United States v. Joyce,* 511 F.2d 1127, 1130 n. 1 (9th Cir.1975) ("[T]he parties are bound by their agreement to limit the issues to be tried.").

Defendants did not raise the issue of statute of limitations with the Court at any of the pretrial hearings held in this matter, nor did Defendants raise the issue at trial. Rather, Defendants argued the case on the merits and allowed the case to be submitted to the jury without making any mention of the defense. Taken as a whole, Defendants' conduct in this case indicates that Defendants intended to abandon the defense of statute of limitations. *See Wood*, 132 S.Ct at 1832 (holding that the state waived statute of limitations defense where it advised the court that it did not concede but would not challenge the timeliness of the petitioner's petition); *In re Blossom*, 2010 WL 3835650 (Bkrtcy. E.D. Wis. 2010) (holding that although an affirmative defense was plead in the defendant's answer, "the Defendant's failure to request a hearing on the issue, while at the same time, propounding discovery, filing and prosecuting a counterclaim, and neglecting to mention the defense in proposed findings of fact and conclusions of law or at the final pretrial conference, constitutes a waiver of this defense."). Defendants have waived the defense and cannot raise it now that the jury has returned an unfavorable verdict.

### C.    Plaintiff's Claims Are Not Barred By the Statute Of Limitations

In addition to being untimely and procedurally improper, Defendants' Motion is substantively without merit. As plead in Plaintiff's Complaint, the applicable statute of limitations was tolled during the pendency of the related criminal charges

1  against Plaintiff.  Plaintiff's Complaint was timely filed and this action is not barred

2  by the applicable statute of limitations.

3                    **1.    Applicable Statute of Limitations**

4        The statute of limitations for an action brought under 42 U.S.C. § 1983 is

5  governed by state law.  *Wallace v. Kato,* 549 U.S. 384, 394 (2007); *Trimble v. City*

6  *of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995).  Specifically, the statute of

7  limitations is derived from the statute of limitations for personal injury actions in the

8  forum state.  Therefore, the relevant statute of limitations in California is two years.

9  *Maldonado v. Harris,* 370 F.3d 945, 954 (9th Cir. 2004).  State law also determines

10  the application of tolling doctrines.  *Hardin v. Straub,* 490 U.S. 536, 543-44 (1989).

11  Here, California Government Code § 945.3 renders Plaintiff's Complaint timely.

12                **2.    Tolling Under California Government Code § 945.3**

13        The statute of limitations for filing this action was tolled by California

14  Government Code § 945.3 during the pendency of all of the criminal charges against

15  Plaintiff that arose out of the events of September 3, 2005.  In California, the statute

16  of limitations for a civil action against a peace officer is tolled while criminal

17  proceedings are pending against the plaintiff if the complaint is based on a peace

18  officer's conduct relating to the pending criminal prosecution, "including an act or

19  omission in investigating or reporting the offense or arresting or detaining the

20  accused."  CAL. GOV. CODE § 945.3.  The Ninth Circuit has consistently recognized

21  that § 945.3 tolls the statute of limitations for § 1983 excessive force actions during

22  the pendency of criminal charges against the potential plaintiff.  *Harding v.*

23  *Glaceran*, 889 F.2d 906 (1989); *Trimble v. City of Santa Rosa*, 49 F.3d 583 (9th Cir.

24  1995).  Tolling under § 945.3 begins when charges are filed and ends at the time of

25  sentencing.  *McAlpine v. Superior Court,* 209 Cal. App. 3d 1, 3 (1989); *Torres v.*

26  *City of Santa Ana,* 108 F.3d 224, 226-27 (9th Cir. 1997).

27

28

Plaintiff's cause of action against Defendants accrued on the day he was shot: September 3, 2005.  Criminal charges were filed against Plaintiff just five days later on September 8, 2005.  Therefore, the statute of limitations was tolled by § 945.3 during the period that those charges were pending before the superior court. Charges associated with the events of September 3, 2005 remained pending against Plaintiff until March 10, 2009, the date on which Plaintiff was sentenced.  Even assuming, *arguendo*, that the statute was running during the five days before criminal charges were filed, Plaintiff's Complaint would still have been timely filed within the two year statute of limitations.[1]

Defendants concede that the charges brought against Plaintiff for assault on a peace officer tolled the statute of limitations until they were dropped at the preliminary hearing.  Defendants argue, however, that the charges arising out of the drive-by shooting were not "factually linked" to Plaintiff's excessive force claim and did not toll the statute of limitations after the assault charges were dropped. This argument flies in the face of both the facts of the case and the plain language of the statute.  Section 945.3 expressly applies to civil actions based on "conduct of [a] peace officer relating to the offense for which the accused is charged, *including an act or omission in investigating…the offense or arresting or detaining the accused*." If a plaintiff alleges that police officers used excessive force against him during an arrest, § 945.3 tolls the applicable statute of limitations during the pendency of the

_____

[1] As Defendants' Motion notes, CAL. CODE CIV. P. §352.1 would have tolled the statute of limitations for Plaintiff's action for two years after the incident, including the five days prior to the filing of formal criminal charges against him. *See Elliot v. City of Union City*, 25 F.3d 800, 803 (9th Cir. 1994).  However, even without this additional five days of tolling, the tolling provisions of § 945.3 are sufficient to render Plaintiff's Complaint timely.

criminal charges for which the plaintiff was arrested.  *See e.g. McAlpine v. Superior Court,* 209 Cal.App.3d 1 (1989) (statute of limitation on plaintiff's excessive force claim tolled during pendency of robbery charges for which he was arrested); *Hill v. City of Los Angeles,* 2009 WL 2601250 (C.D. Cal. 2009) (statute of limitation on plaintiff's excessive force claim tolled during pendency of narcotics charges for which he was arrested); *Cabrera v. City of Huntington Park,* 159 F.3d 374 (1998), (holding that although statute of limitations for the plaintiff's excessive force claim was tolled during pendency of disturbing the peace charges for which the plaintiff was arrested, the complaint was nonetheless one day late).

Defendants' claim that Benavides and Flores' conduct toward Plaintiff was unrelated to the prior drive-by shooting is nonsensical.  The entirety of Benavides and Flores's contact with Plaintiff on September 3, 2005 occurred while they were investigating the drive-by shooting and attempting to arrest Plaintiff in connection therewith.  There is no dispute that on September 3, 2005, Benavides and Flores heard the shots of the initial drive-by shooting and drove toward the sound of the shots to investigate.  Benavides and Flores did not know Plaintiff and were only pursuing him because they believed that he was involved with the shooting.  Shooting Plaintiff when he was unarmed and merely running away was obviously an "act or omission" in arresting or detaining Plaintiff in connection with the drive-by shooting.  Therefore, Plaintiff's civil action fell squarely within the tolling provisions of § 945.3 during the pendency of the criminal charges relating to the drive-by shooting.  The statute of limitations on this action was tolled until Plaintiff was sentenced on March 10, 2009.

*Torres v. City of Santa Ana,* 108 F.3d 224 (9th Cir. 1997) is not to the contrary.  In *Torres*, the plaintiff was arrested for two misdemeanor offenses and subsequently faced probation revocation proceedings because of those misdemeanors.  The Court found that although the pendency of the misdemeanor

charges tolled the statute of limitations, the pendency of the more lengthy probation revocation proceedings did not.  The Ninth Circuit based its holding on the fact that in other analogous contexts, such as collateral estoppel and double jeopardy, the California Supreme Court had held that probation revocation proceedings should be treated as a continuing consequence of the underlying conviction rather than as a new and separate charge.  Therefore, the Ninth Circuit concluded that the probation revocation proceedings against the plaintiff related to his original conviction rather the new misdemeanor offenses for which the plaintiff was arrested.  *Id.* at 228.  Here, the pending charges against Plaintiff were not probation revocation proceedings relating to a prior conviction.  Rather, they were new criminal charges based on the circumstances that lead to his arrest on September 3, 2005.  Therefore, § 945.3 applied and the statute of limitations was tolled until all of criminal charges against Plaintiff were resolved.  Plaintiff's Complaint was timely filed within two years of the resolution of the criminal charges against him.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and set a scheduling conference to determine a trial date for the damages phase of this matter.


DATED:  May 21. 2012            LAW OFFICES OF DALE K. GALIPO


By: _____ /s/ ***Dale K. Galipo*** _____
        Dale K. Galipo
        *Attorneys for Plaintiff*