**CARMEN A. TRUTANICH**, City Attorney (SBN 86629x)
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Assistant City Attorney
**CRAIG J. MILLER**, Deputy City Attorney (SBN 138302)
200 North Main Street
City Hall East, 6th Floor
Los Angeles, CA 90012
Telephone No.: (213) 978-8722
Facsimile No.: (213) 978-8785
Email: craig.miller@lacity.org

*Attorneys for Defendants* JULIO BENAVIDES and MARIO FLORES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CONTRERAS, | Case No. CV11-01480 SVW (SHx) <br> *Hon. Stephen V. Wilson; Crtm 6* |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4 FOR PHASE 2 OF TRIAL** |
| vs. | |
| CITY OF LOS ANGELES; JULIO BENAVIDES; MARIO FLORES; and DOES 1 - 10, Inclusive, | PRE-TRIAL CONFERENCE |
| | DATE:        AUGUST 27, 2012 |
| Defendants. | TRIAL:        SEPTEMBER 18, 2012 |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants MARIO FLORES AND JULIO BENAVIDES, hereby submit their Memorandum of Contentions of Fact and Law pursuant to Federal Rules of Civil Procedure, Rule 16 and Local Rule 16-4.

This memorandum of CONTENTIONS OF LAW AND FACT is being written prior to the court's rulings on motions in limine which were set for hearing at the Pre-Trial Conference.

\\\\

1

**FACTUAL CONTENTIONS**:

The court is familiar with the underlying facts of the incident.   So they will not be reiterated.

Regarding the causation and damages phase Defendants state the following:

Plaintiff is a C-7 level tetrapalegic. He does not have the use of his legs and has some use of his right arm and hand and less use of his left arm and hand. Plaintiff is confined to a wheel chair.

Plaintiff did not avail himself to services offered to him while he was in state prison. Since his release from prison in September 2011, he has been receiving treatment at Rancho Los Amigos Hospital, an LA County facility, located in Downey California. Plaintiff has not paid for any treatment. He has not received bills for any medical treatment rendered since the incident. He is receiving Medicare and/or Medical benefits. Defendants assert their rights to the collateral source off set under Cal. Government Code section 985.  If Plaintiff is pursuing costs for past medical care, any recovery should be limited to the amount actually paid and the provider must be reimbursed.

Plaintiff is medically in need of future medical services. The causation, nature and extent of his injuries and financial recovery are disputed. Initial expert reports were written during December 2011 in anticipation of trial during January 2012. In the ensuing 8 months, Plaintiff has undergone a surgery. Plaintiff has also attended and commenced physical therapy and vocational therapy. His ability to be more independent is growing.

As part of the calculation of damages, Plaintiff will be seeking compensatory damages from medical care for the rest of his life. He will be presenting information about his life expectancy. Defendants contend that under the jury instructions, namely CACI 3932 in considering one's life expectancy a person's health, habits, activities, lifestyle and occupation are relevant to a jury's determination of life expectancy.

Also, Defendants contend that Plaintiff's psychological make up as of the date of incident is part of the causation of his injuries and has an impact on his life expectancy.
///

Plaintiff's use of street narcotics may have an effect on his compliance with a medical program and potential drug dosage and interactions.

### CLAIMS AND DEFENSES-- 16-4.1

In the damage phase it is believed there are the following issues to be tried:

Causation of future cost of medical treatment and any pain;

Future costs of medical treatment reduced to present value; and

Any compensation for physical pain and suffering.

### DEFENSES:

Defendants contend the jury will have to determine the following:

Causation of injury under 9th cir. Jury instruction 5.1

Did Plaintiff mitigate his damages under 9th cir. Jury instruction 5.3?

The reduction to present value of any award of future medical costs under 9th cir. Jury instruction 5.4?

The key facts will be the review of Plaintiff's medical history and the physical examinations in this case. His life history will play a factor in his life expectancy and causation of his injuries stemming from the incident.

Each side has a doctor to explain Mr. Contreras likely future medical needs and the reasons therefore. Each side will present the testimony of a Life Care Planner who articulated the reasonable medical needs and costs for Mr. Contreras' future care. Each side has designated an expert economist to calculate the present value of these future costs. Defendants intend to call Dr. Mohandie, a psychologist, who opines that Mr. Contreras fits the diagnostic criteria of a person with an anti-social personality disorder and is at a risk of a lower life expectancy as noted in his report.

### BIFURCATION OF ISSUES-- 16-4.3

This is the 2nd phase of a bifurcated case.

### JURY TRIAL--16-4.4

The parties have timely demanded a trial by jury.

///

1      **ATTORNEYS FEES--16-4.5**

2          Should plaintiffs prevail, they could request attorneys fees under 42 USC 1988.

3 Should Defendants prevail, they could request attorneys fees as well.

4      **ABANDONMENT OF ISSUES --16-4.5**

5          Defendants have been informed that Plaintiff is abandoning any claim for punitive

6 damages against the officers.

7          Defendants have been informed that Plaintiff is not seeking emotional distress

8 damages. However, the contours of what exactly Plaintiff is abandoning is not clear.

9 Plaintiff is still maintaining a claim for "physical pain and suffering." Plaintiff also stated

10 he is seeking damages for disfigurement and disability. However, at the pre-trial

11 conference held on August 27, 2012, Plaintiff did not mention these as the type of

12 damages being sought when asked by the court.

13      **OTHER MATTERS**--16-8

14      Defendants filed five motions in limine.

15      Plaintiff has filed five motions in limine as well.

16          The parties are working together to finalize witness lists, exhibit lists, a pre-trial

17 conference order and substantive jury instructions and a verdict form.

18

19 DATED: August 29, 2012        Respectfully submitted,

20

21          **CARMEN A. TRUTANICH,** City Attorney
         **GARY GEUSS,** Chief Assistant City Attorney

22          **CORY M. BRENTE,** Supv. Assistant City Attorney

23

24          By _____/S/_____
            **CRAIG J. MILLER,** Deputy City Attorney

25

26          Attorneys for Defendants JULIO BENAVIDES AND
         MARIO FLORES

27

28